GARY M. RESTAINO
United States Attorney
District of Arizona
ADAM D. ROSSI
Assistant United States Attorney
Arizona State Bar No. 028042
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email: adam.rossi2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                      Plaintiff,<br><br>        vs.<br><br>Francisco Javier Liquidano,<br><br>                      Defendant. | 4:23-cr-00050-RM-2<br><br>SENTENCING MEMORANDUM |

Plaintiff, United States of America, by its attorneys, GARY M. RESTAINO, United States Attorney, and ADAM D. ROSSI, Assistant United States Attorney, hereby submit its sentencing memorandum in the above-captioned matter. The sentencing hearing is currently scheduled for January 17, 2024, before the Honorable United States District Court Judge Rosemary Márquez.

Having reviewed the findings and recommendations in the Presentence Report (PSR), the government has no objection to the guideline calculations and concurs with the recommendations listed therein. The government respectfully requests that this Court accept the defendant's plea of guilty to the indictment in this matter.

In this case, the defendant has a slightly concerning criminal history, including being convicted in this U.S. District Court for a felony Conspiracy to Possess with Intent to Distribute Marijuana in 2010 and a misdemeanor Possession of Marijuana in 2016. PSR ¶¶ 37 and 39. The defendant also has a conviction for misdemeanor Disorderly Conduct-

Fighting in 2014, and arrests for the same in 2010 and 2014 (the 2010 case was dismissed as the defendant completed diversion). PSR ¶¶ 38, 36, and 44.

While this criminal history is only slightly concerning, the defendant's conduct in this case, however, is very concerning. Here, in June of 2021, a federal firearms licensee (FFL) reported a protentional straw purchase by codefendant Valdez for a Barrett .50-caliber rifle to the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). PSR ¶ 6. An ATF special agent requested Arizona Department of Economic Security reported wages for codefendant Valdez, and found that Valdez's reported wages revealed earnings of approximately $23,000 during 2020 and $7,800 for the first quarter of 2021, with the firearm having a final purchase price of $10,856.95. PSR ¶¶ 6-7. On June 14, 2021, the FFL received the firearm, and notified ATF that codefendant Valdez, accompanied by defendant Liquidano, were at the FFL to pick it up.  PSR ¶ 8. Codefendant Valdez indicated in the required 4473 Form that she was the actual buyer of the firearm and that she lived on Ohio Street. *Id*. Responding agent observed defendant Liquidano rolling the firearm case to their vehicle, and initiated a traffic stop. *Id*.

After waiving *Miranda*, codefendant Valdez stated they were dropping off the firearm at defendant Liquidano's apartment, which she later admitted belonged to her and she had been living there since February of 2021, and not the Ohio Street address. PSR ¶ 9. She also admitted defendant Liquidano had provided money for the purchase, but that she used stimulus and tax refund money for the rest. *Id*. The agents observed codefendant Valdez had incorrectly pronounced the maker of the rifle, and she admitted to purchasing the .50-caliber rifle and additional firearms, including two Glock pistols, and an AR style rifle, and had withdrawn the money from accounts at Bank of America and Washington Federal. PSR ¶¶ 10-11. Defendant Liquidano invoked his right to an attorney, but did state that he was a felon. PSR ¶ 12. Later, agents confirmed with codefendant Valdez's father that she was no longer living at the Ohio Street address, and had recently lent her money to repair her vehicle. PSR ¶ 13. Agents also went to the storage facility where Valdez said

she rented a storage unit where the AR style rifle was stored. PSR ¶ 14. Agents learned codefendant Valdez had been delinquent 15 of the 18 months she had the storage unit, and the company advised the unit's contents would be forfeited and auctioned. *Id*.

Further investigation revealed codefendant Valdez maintained a negative balance for 6 of 12 months in one of her Bank of America accounts, the other 9 months of 12, and had deposited $13,500 in cash in her account days before the purchase of the .50-caliber rifle. PSR ¶¶ 17-18. Similarly, defendant Liquidano had his account with Washington Federal closed for maintaining a negative balance. PSR ¶ 19.

ATF special agents also reviewed federal firearms licensees ATF forms and receipts involving these defendants. PSR ¶ 15. Agents found that on April 6, 2021, defendant Liquidano attempted to purchase a Glock, model 17GEN5, after avowing he was the actual buyer and had never been convicted of a felony. *Id*. The purchase was denied, however, when defendant Liquidano failed the criminal background check. *Id*. Later that same day, codefendant Valdez purchased the same model pistol, and again listed the Ohio Street address and stated she was the actual buyer of the firearm. *Id*. The firearm was purchased by Valdez for $528.60 cash. *Id*. Agents also found that on May 14, 2021, codefendant Valdez purchased a Glock, model 42, with the same incorrect information on the ATF form, for $499. PSR ¶ 16.

As the Court is aware, the United States' plea offer calculated the base offense level to be 14 pursuant to USSG §2K2.1(a)(6), and did not include an enhancement for the defendant being an organizer or leader under USSG §3B1.1(c). *See* PSR ¶¶ 25 and 28, see also Doc. 61. While the PSR correctly applies the guidelines, the government's position is that the plea agreement can be maintained by utilizing the variance language in the plea to reach the 12 months cap provided for in the plea agreement. If the Court desires a greater sentence, the government believes it would have to reject the plea agreement.

In summation, based on the nature of this serious offense and his role within it, a sentence of 12 months is appropriate. Therefore, the government would request the Court

accept the defendant's plea of guilty, and impose the recommendations of Probation, including a term of 12 months imprisonment, to be followed by 3 years supervised release.

Based upon the nature of the current offense and the criminal history of the defendant, the sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

Respectfully submitted this 11th day of January, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Adam D. Rossi*
ADAM D. ROSSI
Assistant U.S. Attorney

Copy of the foregoing served electronically or by
other means this 11th day of January, 2024, to:

Trevor R. Hill, Esq.,
Attorney for Defendant