GARY M. RESTAINO
United States Attorney
District of Arizona
ADAM D. ROSSI
Assistant United States Attorney
Arizona State Bar No. 028042
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: adam.rossi2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | |
| Plaintiff, | 4:23-cr-00050-RM-1 |
| vs. | SENTENCING MEMORANDUM |
| Monica Avila Valdez, | |
| Defendant. | |

Plaintiff, United States of America, by its attorneys, GARY M. RESTAINO, United States Attorney, and ADAM D. ROSSI, Assistant United States Attorney, hereby submit its sentencing memorandum in the above-captioned matter. The sentencing hearing is currently scheduled for January 24, 2024, before the Honorable United States District Court Judge Rosemary Márquez.

Having reviewed the findings and recommendations in the Presentence Report (PSR), the government has no objection to the guideline calculations and concurs with the recommendations listed therein, albeit with a lower sentence than is recommended. The government respectfully requests that this Court accept the defendant's plea of guilty to the indictment in this matter.

In this case, the defendant has no criminal history, other criminal conduct, pending charges, or other arrests. PSR ¶¶ 41, and 44-46. While the defendant has no criminal history, the defendant's conduct in this case is very concerning. Here, in June of 2021, a

federal firearms licensee (FFL) reported a protentional straw purchase by defendant Valdez for a Barrett .50-caliber rifle to the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). PSR ¶ 6. An ATF special agent requested Arizona Department of Economic Security reported wages for defendant Valdez, and found that Valdez's reported wages revealed earnings of approximately $23,000 during 2020 and $7,800 for the first quarter of 2021, with the firearm having a final purchase price of $10,856.95. PSR ¶¶ 6-7. On June 14, 2021, the FFL received the firearm, and notified ATF that defendant Valdez, accompanied by codefendant Liquidano, were at the FFL to pick it up. PSR ¶ 8. Defendant Valdez indicated in the required 4473 Form that she was the actual buyer of the firearm and that she lived on Ohio Street. *Id*. Responding agent observed codefendant Liquidano rolling the firearm case to their vehicle, and initiated a traffic stop. *Id*.

After waiving *Miranda*, defendant Valdez stated they were dropping off the firearm at codefendant Liquidano's apartment, which she later admitted belonged to her and she had been living there since February of 2021, and not the Ohio Street address. PSR ¶ 9. She also admitted codefendant Liquidano had provided money for the purchase, but that she used stimulus and tax refund money for the rest. *Id*. The agents observed defendant Valdez had incorrectly pronounced the maker of the rifle, and she admitted to purchasing the .50-caliber rifle and additional firearms, including two Glock pistols, and an AR style rifle, and had withdrawn the money from accounts at Bank of America and Washington Federal. PSR ¶¶ 10-11. Codefendant Liquidano invoked his right to an attorney, but did state that he was a felon. PSR ¶ 12. Later, agents confirmed with defendant Valdez's father that she was no longer living at the Ohio Street address, and had recently lent her money to repair her vehicle. PSR ¶ 13. Agents also went to the storage facility where Valdez said she rented a storage unit where the AR style rifle was stored. PSR ¶ 14. Agents learned defendant Valdez had been delinquent 15 of the 18 months she had the storage unit, and the company advised the unit's contents would be forfeited and auctioned. *Id*.

Further investigation revealed defendant Valdez maintained a negative balance for

6 of 12 months in one of her Bank of America accounts, the other 9 months of 12, and had deposited $13,500 in cash in her account days before the purchase of the .50-caliber rifle. PSR ¶¶ 17-18. Similarly, codefendant Liquidano had his account with Washington Federal closed for maintaining a negative balance. PSR ¶ 19.

ATF special agents also reviewed federal firearms licensees ATF forms and receipts involving these defendants. PSR ¶ 15. Agents found that on April 6, 2021, codefendant Liquidano attempted to purchase a Glock, model 17GEN5, after avowing he was the actual buyer and had never been convicted of a felony. *Id*. The purchase was denied, however, when codefendant Liquidano failed the criminal background check. *Id*. Later that same day, defendant Valdez purchased the same model pistol, and again listed the Ohio Street address and stated she was the actual buyer of the firearm. *Id*. The firearm was purchased by Valdez for $528.60 cash. *Id*. Agents also found that on May 14, 2021, defendant Valdez purchased a Glock, model 42, with the same incorrect information on the ATF form, for $499. PSR ¶ 16.

As the Court is aware, the United States' plea offer calculated the base offense level to be 14 pursuant to USSG §2K2.1(a)(6), as opposed to base level 20 as calculated in the PSR, pursuant to USSG §2K2.1(a)(4)(B)(I) and (III). PSR ¶ 28. The plea offer also did not include the following enhancements: two levels added for the amount of firearms (between three and seven) pursuant to USSG § 2K2.1(b)(1)(A); four levels added for the trafficking of firearms pursuant to USSG § 2K2.1(b)(5); and, four levels added for possessing or transferring a firearm with knowledge, intent, or reason to believe that it would be transported out of the United States pursuant to USSG § 2K2.1(b)(6)(A). *See* PSR ¶¶ 29-31, *see also* Doc. 50. While the PSR correctly applies the guidelines, the government's position is that the plea agreement can be maintained by utilizing the variance language in the plea to reach the 12 months cap provided for in the plea agreement. If the Court desires a greater sentence, the government believes it would have to reject the plea agreement.

The government would also note that codefendant Liquidano, who was determined

by the Court to be the organizer of this offense, received a sentence of 12 months incarceration on January 17, 2024. In the interest of fairness, this defendant should receive a sentence less than the sentence given to the organizer of the event.

In summation, based on the nature of this serious offense and his role within it, a sentence of 10 months is appropriate. Therefore, the government would request the Court accept the defendant's plea of guilty, and impose the recommendations of Probation, but at a lower term of 10 months imprisonment, to be followed by 3 years supervised release.

Based upon the nature of the current offense and the criminal history of the defendant, the sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

Respectfully submitted this 18th day of January, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Adam D. Rossi*
ADAM D. ROSSI
Assistant U.S. Attorney

Copy of the foregoing served electronically or by
other means this 18th day of January, 2024, to:

Douglas Tyler Francis, Esq.,
Attorney for Defendant